## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**CHIRON WATKINS,**

        Plaintiff,

**v.**

        CIVIL ACTION NO.: 3:16-CV-168 (GROH)

**MACY'S DISTRIBUTION CENTER,**

        Defendant.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On December 14, 2016, Plaintiff Chiron Watkins, acting *pro se*, filed a Complaint [ECF No. 1] against Defendant Macy's Distribution Center, alleging that Defendant "deceived [her] of [her] pay and promised bonuses." That same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 2]. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Civ P 72.01. For the reasons set forth below, the undersigned recommends that the Complaint be dismissed for lack of subject matter jurisdiction.

### II. BACKGROUND

According to the Complaint, Plaintiff was hired by Defendant on or about October 20, 2016. ECF No. 1 at 2. At this time, Plaintiff was informed that Defendant's "peak season" extended from November 20th through December 17th. Id. Plaintiff was further informed that she would receive "a bonus of $250 for completing peak season and an

additional $100 for perfect attendance as well as reimbursement o[f] the bus fare deducted [f]rom [her] account throughout the duration of [her] employment." Id.

Subsequent to the commencement of her employment, Defendant completed a background check[1] of Plaintiff. Id. On or about November 11, 2016, Plaintiff "received a notice" regarding the background check, although the contents of the notice are unclear. Id. Three weeks after the notice was delivered and one week before the end of peak season,[2] Defendant suspended Plaintiff's employment due to the results of the background check, depriving Plaintiff of anticipated bonuses for completing peak season and for perfect attendance, as well as reimbursement for her bus fare. Id. In addition, Plaintiff did not work the three remaining shifts for which she was scheduled. Id. at 3.

### III.   DISCUSSION

**A.   The Complaint**

In the Complaint, Plaintiff alleges that the Court's jurisdiction is based on "Diversity . . . [and] Contract agreement, Equity/Commerce, and Deception." Id. at 1. Plaintiff asserts that Defendant "deceived [her] of [her] pay and promised bonuses . . . [and] used [her]self and others for their labor without upholding their end of their agreement." Id. at 2. To support her assertion, Plaintiff contends that "[e]mployee[s] and

---

[1] Plaintiff does not detail what Defendant investigated in its employee background checks. Background Checks: What You Need to Know, 22 No. 11 Emp. L. Update 1 (Nov. 2008) (explaining that background checks may investigate an employee's personal history, credit history, legal/criminal history or work history). Plaintiff also does not detail whether passing the background check was a condition of her employment or whether she was aware that Defendant would perform a background check of her at the time she was hired.

[2] Plaintiff asserts that peak season extended from November 20th to December 17th. However, the undersigned notes that, if Plaintiff was suspended three weeks after the receipt of the background check notice, then her termination date would have been on or about December 2nd, more than one week prior to the end of peak season. Nevertheless, for the purpose of this section, the undersigned will use the time frames provided by Plaintiff in the Complaint.

2

personnel should not be employed prior to background check screening." Id. Plaintiff requests the following damages: "the $250 bonus[,] $100 for perfect attendance, [and] fare reimbursement." Id. at 3. Additionally, Plaintiff requests wages for the three days that she was scheduled to work but was unable to due to her suspension. Id.

**B.     Standard of Review**

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court"). A federal court has jurisdiction over a matter through either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1331-32. Diversity jurisdiction requires complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant, and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332.

Federal question jurisdiction requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "a federal question must appear on the face of [the] plaintiff's . . . complaint." Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987). In other words, a defendant's answer to the complaint or petition for removal may not be the basis for federal question jurisdiction. Id. "[I]f federal jurisdiction is doubtful, a remand [to state court] is necessary." Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (explaining that failing to remand a matter of doubtful federal question jurisdiction implicates "significant federalism concerns").

**C.     Analysis of the Complaint**

The undersigned finds that this Court lacks subject matter jurisdiction over this action. The Court undoubtedly lacks diversity jurisdiction over the Complaint. Although Plaintiff alleges that she and Defendant are diverse in citizenship, the Complaint fails to meet the amount in controversy requirement. Plaintiff is requesting less than $750.00 in damages,[3] far less than the $75,000.00 required for diversity jurisdiction.

Moreover, the Court lacks federal question jurisdiction over the Complaint. Plaintiff appears to assert a claim for breach of contract, a cause of action that is purely a matter of state law. See ECF No. 1 at 2 (asserting that Defendant did not uphold its end of the agreement/contract). No federal question is apparent from the face of the Complaint.[4] For example, Plaintiff does not appear to assert a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, because she does not allege that the background check was conducted by an outside third party or even that the background check included her credit history. Background Checks: What You Need to Know, 22 No. 11 Emp. L. Update 1 (Nov. 2008) (stating that the FCRA "indirectly sets federal standards for employment screening as to background checks" if the background checks involve consumer credit information). Plaintiff also does not appear to assert that Defendant discriminately checked her background based on her race, national origin, color, sex, religion, etc., in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

---

[3] Plaintiff seeks damages in the amount of a $250.00 bonus, $100.00 for perfect attendance, fare reimbursement and three days of wages in the amount of $382.50 (($12.75/hr x 10 hrs) x 3 days = $382.50).
[4] The undersigned notes that, when asserting the basis of this Court's jurisdiction in the Complaint, Plaintiff did not assert that the case involved a federal question. ECF No. 1 at 1 (asserting that jurisdiction is not based on federal question jurisdiction but on "Diversity [jurisdiction] and "Other [jurisdiction]," including "Contract agreement, Equity/Commerce, and Deception").

§ 2000e *et seq*.

Instead, Plaintiff contends that "[e]mployee[s] and personnel should not be employed prior to background check screening," without offering any support for her contention. Indeed, it is not a violation of federal law for an employer to hire an employee on the condition that the employee undergo and pass a background check, which appears to be the situation in the instant case. In fact, "an overwhelming majority of employers now require . . . background checks as a condition of employment, and millions of these checks are performed each year." Noam Weiss, Combating Inaccuracies in Criminal Background Checks by Giving Meaning to the Fair Credit Reporting Act, 78 Brook. L. Rev. 271, 272 (2012). In conclusion, it is not clear from the face of the Complaint that a basis for federal question jurisdiction exists. As a result, the Complaint should be dismissed for lack of subject matter jurisdiction.[5]

## IV.   RECOMMENDATION

For the reasons herein stated, I find that the Court lacks subject matter jurisdiction over the Complaint [ECF No. 1]. Accordingly, I **RECOMMEND** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit [ECF No. 2] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the

---

[5] Plaintiff may either file the Complaint in state court or refile the Complaint in this Court after making clear on the face of the Complaint the basis for this Court's jurisdiction.

Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted this 14th day of February, 2017.

*[signature]*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE